UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SIGNATURE FLIGHT SUPPORT
CORPORATION,

      Plaintiff,

v.                                  Case No.:  8:07-cv-2219-T24 TGW

AMERICAN TRANS AIR, INC. a/k/a ATA
AIRLINES, INC.,

      Defendant.
_____/

**O R D E R**

This cause comes before the Court on Defendant American Trans Air's ("ATA") Amended Motion to Dismiss counts I and II of Plaintiff's Complaint. (Doc. No. 29). Plaintiff Signature Flight Support Corporation ("Signature") has filed a response in opposition to the motion. (Doc. No. 32). For the reasons stated herein, the motion is granted, and Signature's claims are dismissed without prejudice.

**I.    Background**

Signature alleges the following in its Complaint (Doc. No. 1): Signature, a Delaware corporation with its principal place of business in Orlando, Florida, entered into a contract (the "IATA Agreement") with ATA, a foreign corporation headquartered in Indiana. The terms of the IATA Agreement provide that ATA will indemnify Signature for injuries to ATA's employees arising out of the performance of services under the Agreement. The IATA Agreement specifies that ATA's indemnification obligations apply even where the injury complained of was caused by Signature's own negligence.

Subsequent to a slip and fall accident on January 20, 2003 at Chicago Midway Airport, ATA employee Willie McCafferty ("McCafferty") filed a complaint alleging personal injuries caused by Signature's negligence, styled *Willie McCafferty v. Signature Flight Support Corporation*, et al, in the Circuit Court of Cook County, Illinois, Case No. 04-L-655. On three occasions, Signature notified ATA of its obligations under the IATA Agreement to indemnify and defend Signature against this action. To date, ATA has refused to fulfill its contractual indemnification obligations. Because of ATA's failure to indemnify Signature, Signature was forced to retain the services of an attorney to defend and resolve the *McCafferty* lawsuit, incurring necessary and reasonable costs and expenses and issuing a reasonable settlement payment to Mr. McCafferty.

As a result, Signature filed the instant lawsuit, which includes a claim for failure to indemnify and a claim for breach of contract. In response, ATA moves to dismiss both claims.

## II.     Standard of Review

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. *Murphy v. Federal Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a short and plain statement of the claim showing the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

Although Rule 8 does not require a claimant to set out in detail the facts upon which he bases his claim, it "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must allege sufficient facts, accepted as true, to state a plausible claim for relief. *Id.*

While the Court must assume that all of the factual allegations in the complaint are true, this assumption is inapplicable to legal conclusions. The door to discovery will not open for a plaintiff "armed with nothing more than legal conclusions." *Id.* at 1950. But where a complaint contains well-pleaded facts, if those facts "do not permit the court to infer more than the mere possibility of misconduct," the complaint stops short of plausibility and does not show the plaintiff is entitled to relief. *Id.*

## III. Discussion

ATA moves to dismiss this case on five grounds. First, ATA contends that venue is not proper in the Middle District of Florida. Second, ATA argues that Signature's complaint fails to state a claim on which relief can be granted because Signature failed to attach to the Complaint documentation to support its claims. Third, ATA contends the doctrine of judicial estoppel bars Signature from litigating its claims. Fourth, ATA argues the existence of accord and satisfaction bars Signature from asserting its claims. Finally, ATA claims the doctrine of equitable estoppel precludes Signature from asserting its claims against ATA.

### A. Venue in the Middle District of Florida is proper.

The Court already decided that venue in the Middle District of Florida is proper when it denied ATA's motion to transfer. (Doc. No. 33). For the same reasons stated in that order, the Court rejects ATA's arguments that Signature's complaint should be dismissed for improper venue.

> B. **Without the IATA Agreement and other supporting documents attached, Signature's pleading is insufficient to state a claim for failure to indemnify or breach of contract.**

ATA argues that Signature has not stated a claim for failure to indemnify or for breach of contract because Signature failed to attach to its complaint the contract and judgment on which its claims are based. While Rule 10(c) of the Federal Rules of Civil Procedure provides that "[a] copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes," this provision for incorporation of exhibits is permissive only. "There is no requirement that the pleader attach a copy of the writing on which his claim for relief . . . is based." Charles Alan Wright, Arthur R. Miller, Fed. Prac. and Proc. vol. 5A, § 1327 (3d ed., West 2009). However, in this case, Signature fails to plead facts sufficient to establish the elements of both of its claims. If Signature had attached the IATA Agreement and other supporting documents to its Complaint, the terms of the contract and the information in the supporting documents would have been read as part of the pleading, which may have ensured that some of the missing elements were satisfied. In its current state, Signature's Complaint does not contain sufficiently well-pleaded facts to assert either the failure to indemnify or the breach of contract claim.

> 1. **Signature has failed to plead facts sufficient to establish a plausible claim for failure to indemnify.**

Under Illinois law, contracts of indemnity are generally valid and enforceable. However, courts construe such contracts strictly against the indemnitee; they will not construe an indemnity contract as indemnifying against the plaintiff's own negligence "unless such construction is required by the clear and explicit language of the contract, or such intention is expressed in unequivocal terms." *Buenz v. Frontline Transp. Co.*, 882 N.E.2d 525, 529 (Ill. 2008) (citing *Westinghouse Electric Elevator Co. v. La Salle Monroe Building Corp.*, 70 N.E.2d

604, 607 (Ill. 1946)). To establish a claim for failure to indemnify for the plaintiff's own negligence, the plaintiff must allege the existence of a valid indemnification contract, that the defendant failed to indemnify per the terms of the contract, that the clear and explicit language of the contract requires the defendant to indemnify the plaintiff against its own negligence, *id.*; *Blackshare v. Banfield*, 857 N.E.2d 743, 745 (App. Ill. 5th 2006); *Hader v. St. Louis Southwestern Railway Co.*, 566 N.E.2d 736, 742 (App. Ill. 5th 1991), and that the injury incurred by the plaintiff is "within the scope of injuries intended to be covered by the indemnification agreement." *Hader*, 566 N.E.2d at 741.

Signature fails to plead sufficient facts to establish a plausible claim for indemnity relief. Although Signature does allege that the IATA Agreement contained a valid indemnification provision, quotes the specific language of the provision that it contends requires ATA to indemnify Signature against Signature's own negligence, and alleges that ATA breached the indemnification agreement when it refused to indemnify Signature against the *McCafferty* lawsuit, Signature fails to allege that the injury it suffered was within the scope of injuries intended to be covered by the indemnification agreement. Specifically, Signature fails to allege that the *McCafferty* suit and subsequent settlement, for which it seeks indemnification, arose out of "the performance of services under [the IATA Agreement]."(Doc. No. 1 ¶ 9). For this reason, Signature has failed to plead sufficient facts to establish a plausible indemnity claim.

### 2. Signature has failed to plead facts sufficient to establish a plausible breach of contract claim.

Under Illinois law, to establish a breach of contract action, the plaintiff must allege "1) offer and acceptance, 2) consideration, 3) definite and certain terms, 4) performance by the plaintiff of all required conditions, 5) breach, and 6) damages." *Village of S. Elgin v. Waste Mgt. of Ill., Inc.*, 810 N.E.2d 658, 669 (App. Ill. 2d 2004) (citing *Barille v. Sears Roebuck and Co.*,

682 N.E.2d 118, 121 (1997)).

While Signature alleges facts sufficient to establish offer and acceptance and damages, it fails to allege facts sufficient to establish consideration, definite and certain terms, the plaintiff's performance of required conditions, and breach. Specifically, Signature alleges the existence of the IATA Agreement, a valid offer and acceptance. (Doc. No. 1 ¶ 9). Signature further alleges that as a result of ATA's breach of the IATA Agreement's indemnification provision, Signature incurred damages in the form of attorneys fees, costs, expenses, and a reasonable settlement paid to Mr. McCafferty. (Doc. No. 1 ¶¶ 12–13, 22–23).

However, although Signature alleges the specific terms of the IATA Agreement's indemnification provision (Doc. No. 1 ¶ 9), it does not allege the contract's other relevant terms. Specifically, Signature fails to allege the services to be performed by each party under the Agreement; therefore, it has not established the definite and certain terms of the contract. Signature also fails to allege its performance of those services on the date of the accident involving ATA employee Willie McCafferty, which gave rise to the lawsuit that triggered the indemnification provision. Although Signature alleges that, after notifying ATA of its obligation to indemnify and defend Signature against the *McCafferty* action on three separate occasions, ATA refused to fulfill its obligations under the indemnification provision of the IATA Agreement (Doc. No. 1 ¶¶10, 21), Signature does not allege that Mr. McCafferty was an employee performing services within the scope of the IATA Agreement, nor does it allege that Mr. McCafferty's accident was the type of event the indemnification provision was designed to address. Because these omissions make it unclear whether ATA had a contractual obligation to indemnify and defend Signature against the *McCafferty* action, the facts are insufficient to establish breach. For these reasons, Signature has failed to plead facts sufficient to establish a

plausible breach of contract claim.

It is for these reasons that Signature's claims must be dismissed. However, the dismissal is without prejudice, and the Court shall permit Signature to file an amended complaint to address these deficiencies.

    **C.**    **The doctrine of judicial estoppel does not bar Signature's claims.**

Judicial estoppel provides that "a party who asserts a particular position in a legal proceeding is estopped from asserting a contrary position in a subsequent legal proceeding." *Wolfe v. Wolf*, 874 N.E.2d 582, 584 (Ill. App. 1st 2007). Under Illinois law, "for judicial estoppel to apply, five elements must be present: 1) the party estopped must have taken two positions; 2) that are factually inconsistent; 3) in a separate judicial or quasi-judicial administrative proceeding; 4) intending the trier of fact to accept the truth of the facts alleged; and 5) have succeeded in the first proceeding and received a benefit thereby." *Id.* Illinois courts have held that for judicial estoppel to apply "the two positions taken must be 'totally inconsistent.'" *Id.* (citing *Bidani v. Lewis*, 675 N.E.2d 647 (Ill. App. 3d 1996)).

The Court finds the doctrine of judicial estoppel does not apply in this case. ATA argues that Signature's failure to indemnify and breach of contract claims are inconsistent with the bankruptcy court's order for ATA to pay Signature nearly one quarter of a million dollars as a cure for Signature's contracts claims. (Doc. No. 33 p. 9). However, the Court credits Signature's argument that it did not intend for its participation in the ATA Bankruptcy to address its indemnity and breach of contract claims arising from the *McCafferty* lawsuit. (Doc. No. 32 p. 7) Because the Court finds that Signature has not taken two factually inconsistent positions, the doctrine of judicial estoppel does not apply and does not bar Signature's claims.

### D. Accord and satisfaction and equitable estoppel are inappropriate grounds for dismissal at this stage of litigation.

To determine whether there has been accord and satisfaction of Signature's claims and whether the doctrine of equitable estoppel bars Signature from bringing its claims, the Court would have to consider factual evidence beyond Signature's Complaint. At this time, the Court declines to take judicial notice of the ATA Bankruptcy documents attached to ATA's motion to dismiss. (Doc. No. 29). Because determinations of accord and satisfaction and equitable estoppel would require consideration of these documents and other evidence, the Court concludes that these arguments are more appropriate for a motion for summary judgment.

## IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that ATA's Motion to Dismiss Counts I and II of Signature's Complaint (Doc. No. 29) is **GRANTED**, and Signature's claims are **DISMISSED WITHOUT PREJUDICE**. Signature is directed to file an amended complaint on or before March 17, 2010. Failure to do so will result in this Court closing this case without further notice.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2010.

Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record